UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSE PABLO HENRIQUEZ SAGASTUME, * <br> * <br> Petitioner, * <br> * <br> v. * <br> * <br> PATRICIA HYDE, Field Office Director; * <br> TODD LYONS, Acting Director U.S. * <br> Immigration and Customs Enforcement; * <br> KRISTI NOEM, U.S. Secretary of Homeland * <br> Security; PAMELA BONDI, U.S. Attorney * <br> General; DONALD J. TRUMP, U.S. * <br> President, * <br> * <br> Respondents. * | Civil Action No. 1:25-cv-13292-IT |

MEMORANDUM

November 18, 2025

TALWANI, D.J.

Petitioner Jose Pablo Henriquez Sagastume[1] is a Honduran national, residing in Massachusetts. Pet. ¶ 1–2 [Doc. No. 1]; Emergency Mot. for Order, Ex. 2 at 4 [Doc. No. 10-2]. On November 4, 2025, federal immigration officials arrested Petitioner at a car wash in Allston, Massachusetts. Pet. ¶ 3 [Doc. No. 1]. Petitioner alleges he is currently being held in U.S. Immigration and Customs Enforcement ("ICE") custody in the District of Massachusetts. Id. ¶ 4. On November 5, 2025, Petitioner filed a Petition for Writ of Habeas Corpus [Doc. No. 1] with this court. Respondents filed an Abbreviated Response [Doc. No. 9] to the Petition on November 13, 2025. On November 16, 2025, Petitioner filed an Emergency Motion for Order [Doc. No. 10]. Petitioner informed this court that the Immigration Court scheduled a bond hearing for

---

[1] Petitioner's Emergency Motion for Order [Doc. No. 10] notes this is the correct spelling of Petitioner's name. Id. at 1 n.1.

Petitioner for November 17, 2025 at 8:30 a.m. Emergency Mot. for Order 1 [Doc. No. 10]. As part of those proceedings, counsel for the Department of Homeland Security filed a "Notice of Ineligibility for Bond," which argued that the Immigration Judge did not have the statutory authority to conduct a bond hearing because Petitioner is "an applicant for admission[.]" Emergency Mot. for Order, Ex. 2 at 2 [Doc. No. 10-2]. Petitioner claims that "the Immigration Court will find it does not have jurisdiction over the Petitioner's request for release on bond and refuse to conduct the hearing." Emergency Mot. for Order 1–2 [Doc. No. 10].

On November 16, 2025, this court granted Petitioner's Emergency Motion for Order. Electronic Order [Doc. No. 11]. Additionally, in a separate Electronic Order [Doc. No. 12], this court granted Petitioner's Petition and directed Respondents to provide Petitioner with a bond hearing no later than November 21, 2025. As noted in that electronic order, this memorandum follows, setting forth the court's reasoning.

Petitioner contends that he "is subject to detention, if at all, pursuant to 8 U.S.C. § 1226(a)" and that "under 8 U.S.C. § 1226(a), Petitioner must, upon his request, receive a custody redetermination hearing[.]" Id. ¶¶ 11–12. Petitioner "requests such a bond hearing." Id. ¶ 13.

In response, Respondents assert that Petitioner's detention is authorized pursuant to 8 U.S.C. § 1225(b)(2)(A). Respondents' Abbrev. Resp. 2 [Doc. No. 9]. Yet, Respondents also "concede that this case is materially similar" to Doe v. Moniz, __ F. Supp. 3d __, 2025 WL 2576819 (D. Mass. Sept. 5, 2025), where, Respondents recognize, this court "held that § 1225 did not govern petitioner's detention." Respondents' Abbrev. Resp. 2 [Doc. No. 9]. Accordingly, Respondents agree that "[s]hould the Court apply the reasoning of Doe, it would reach the same result here, such that § 1226 would govern Petitioner's detention." Id.

2

As this court has previously noted, "[w]hereas Section 1225(b) 'authorizes the Government to detain certain aliens seeking admission into the country,' Section 1226 'authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings.'" Doe, 2025 WL 2576819, at *5 (quoting Gomes v. Hyde, 2025 WL 1869299, at *2 (D. Mass. July 7, 2025)) (emphasis omitted); see Jennings v. Rodriguez, 583 U.S. 281, 289 (2018). Nothing in the record indicates that Petitioner was detained under 8 U.S.C. § 1225 rather than 8 U.S.C. § 1226. Indeed, "there is no dispute that [Petitioner] had been residing in the United States for some time" before he was detained. Id. at *5. The court finds that the reasoning in Doe remains correct and Petitioner's detention is governed by 8 U.S.C. § 1226.

Accordingly, Petitioner is entitled to a bond hearing at which the government must "either (1) prove by clear and convincing evidence that [he] poses a danger to the community or (2) prove by a preponderance of the evidence that [he] poses a flight risk." Hernandez-Lara v. Lyons, 10 F.4th 19, 41 (1st Cir. 2021). The Board of Immigration Appeals' decision in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), is unpersuasive and does not change the analysis. See Elias Escobar v. Hyde, 2025 WL 2823324, at *3 (D. Mass. Oct. 3, 2025) (citing cases reaching the same conclusion).

November 18, 2025                               /s/ Indira Talwani
                                                United States District Judge